1
2
3
4
5
6
7
8                   IN THE UNITED STATES DISTRICT COURT
9                 FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11

12   **TATIANA BELENKAYA,**                 Case No. 10-CV-01105-TJH-RZ

13                        Petitioner,   **[~~PROPOSED~~] ORDER GRANTING
                                        THE STIPULATED JOINDER OF
                                        GATEWAYS HOSPITAL AND**
14         **v.**                           **MENTAL HEALTH CENTER AS
                                        THIRD-PARTY RESPONDENT**
15   **TREY LUND, Field Director, Los**     **AND DISMISSING THE PETITION
                                        FOR WRIT OF HABEAS CORPUS**
     **Angeles Field Office, United States**
16   **Bureau of Immigration and Customs**
     **Enforcement (ICE); JOHN T.**
17   **MORTON, Assistant Secretary of**
     **ICE; JANET NAPOLITANO,**             **[Filed Concurrently with Stipulation**
18   **Secretary, Department of Homeland**  **[Corrected] to the Joinder of**
     **Security; ERIC HOLDER, United**      **Gateways Hospital and Mental**
19   **States Attorney General; OCTAVIO**   **Health Center as Third-Party**
     **C. LUNA, Executive Director, Patton**  **Respondent and to Dismiss the**
20   **State Hospital,**                    **Petition for Writ of Habeas Corpus]**

21                        Respondents

22                        and

23   **GATEWAYS HOSPITAL AND**
     **MENTAL HEALTH CENTER,**
24
25                   Third-Party Respondent.

26
27
28

                                   1

Having read and considered the parties' written Stipulation [Corrected] to the Joinder of Gateways Hospital and Mental Health Center as Third-Party Respondent and to Dismiss the Petition for Writ of Habeas Corpus (Petition) of Petitioner Tatiana Belenkaya (Petitioner), the Court hereby adopts the following findings of facts as to which the parties have stipulated, and enters the following order:

**Stipulated Findings of Fact**

1.     Petitioner filed her Petition on July 27, 2010, seeking release from Patton State Hospital (Patton) for the purpose of being admitted to the Conditional Release Program (CONREP) at Gateways Hospital and Mental Health Center (Gateways) in accordance with the December 1, 2005 Order of the Los Angeles County Superior Court (Superior Court) in the matter of *People v. Belenkaya*, Los Angeles County Superior Court Case No. SA036363.

2.     On June 1, 2001, by order of the Los Angeles County Superior Court (Superior Court) in *People v. Belenkaya*, Petitioner was involuntarily committed to the care of and treatment by the California Department of Mental Health (DMH) pursuant to California Penal Code section 1026.

3.     By virtue of her involuntary commitment, and in accordance with the California Penal Code, Petitioner is subject to the continuing jurisdiction and supervision of the Superior Court, whether Petitioner is in treatment at Patton, Gateways or another form of conditional release, until such time as her commitment is dissolved and/or terminated by the Superior Court.

4.     On December 1, 2005, the Superior Court found that Petitioner "will no longer be a threat to the health and safety of others while under supervision in the community," and directed DMH to transfer Petitioner from Patton to Gateways.

5.     On July 12, 2006, the United States Immigration Court at San Pedro, California issued an order in the matter of *Belenkaya, Tatiana*, Case No. A77-282-103 to remove Petitioner from the United States to the Ukraine (July 16, 2006 order).

2

1    6.    The July 12, 2006 order constitutes a final order of removal.

2    7.    United States Immigration and Customs Enforcement (ICE) intends to

3  remove Petitioner from the United States, if possible, pursuant to the July 12, 2006

4  order.

5    8.    On May 18, 2007, ICE issued a Notice of Immigration Detainer

6  (Detainer) to Patton.

7    9.    The parties and Gateways have entered into and filed their written

8  Stipulation to the Joinder of Gateways Conditional Release Program as Third-Party

9  Respondent and to Dismiss the Petition for Writ of Habeas Corpus (Stipulation),

10 wherein the parties and Gateways stipulate and agree that Petitioner may be directly

11 transferred from Patton to Gateways subject to the terms and conditions of this

12 Order and the December 1, 2005 Order of the Superior Court in *People v.*

13 *Belenkaya.*

14   10.  Gateways agrees to be joined as a third-party respondent to this action

15 pursuant to the Stipulation if, in fact, this Court grants this [Proposed] Order, thus

16 binding Gateways to the terms of the Stipulation and the enforcement thereof

17 pursuant to the granted Order.  If, however, this Court does not grant this

18 [Proposed] Order, then Gateways does not agree to be joined as a party herein.

19                            **ORDER**

20   IT IS HEREBY ORDERED THAT:

21   1.    Gateways is joined as a third-party respondent to this action concurrently

22 with the entering of this Order.

23   2.    ICE's May 18, 2007 Detainer does not prevent DMH from directly

24 transferring Petitioner to Gateways.

25   3.    Subject to the terms set forth in this Order, Petitioner shall be transferred

26 from Patton to Gateways, but only if a residential bed is available for her under the

27 supervision of Gateways.  It shall be in the sole discretion of Gateways to determine

28 if a residential bed is available for her.

4.     Unless and until a residential bed is available for Petitioner in Gateways, Petitioner shall remain committed to the care of DMH at Patton in accordance with the terms of her involuntary commitment pursuant to California Penal Code section 1026, and subject to the May 18, 2007 Detainer.

5.     Once Petitioner is transferred to Gateways, ICE retains its authority to issue an updated detainer directed to Gateways and, in such event, Gateways will honor the updated ICE detainer so long as Petitioner is a participant in the Gateways CONREP program.  In addition to the preceding, the updated detainer will require Gateways to notify ICE of any hearing in the Superior Court concerning petitioner (a) no later than two court days after the filing by Gateways of any motion, petition or application seeking such a hearing, or five court days before any such hearing, whichever provides greater notice to ICE; and (b) no later than five court days after Gateways receives notice of any such hearing from Petitioner or a third party, or five court days before any such hearing, whichever provides greater notice to ICE.  Gateways will also notify ICE of any cessation of Petitioner's participation in Gateways' CONREP program or changes to Petitioner's physical location or mailing address.  In addition to the foregoing conditions, notice to ICE by Gateways is contingent upon the updated detainer providing the name, address, email address and phone number of the ICE person to whom notice should be sent.

6.     Petitioner's admission to and continued residence at Gateways is further conditioned on Petitioner's compliance with all of the specified terms and conditions of her release and supervision as required by Gateways, DMH and the Superior Court.  If Petitioner fails to comply with a term or condition required as part of her release and supervision, Gateways will notify ICE should Petitioner's non-compliance with terms and conditions result in Gateways' decision to file for permission from the Superior Court to cease supervising the treatment of Petitioner, or to remand custody of Petitioner back to Patton State Hospital, or to otherwise

remove Petitioner from further treatment by Gateways.  Gateways will also notify ICE if petitioner leaves the program without permission (AWOL), or is arrested by law enforcement.  Notice by Gateways is contingent upon the above-referenced updated detainer providing the name, address, email address and phone number of the ICE official to whom this notice of Petitioner's failure to comply should be sent.

7.    ICE further retains its authority to issue an Order of Supervision to Petitioner rather than a detainer or to withdraw any detainer, and issue an Order of Supervision to Petitioner at any time.

8.    If the medical staff at Gateways determines that it is appropriate and permissible for Petitioner to obtain employment as part of her participation in the Gateways CONREP program, Gateways will notify ICE of such determination, and Petitioner may apply to U.S. Citizenship and Immigration Services (USCIS) for employment authorization in accordance with 8 C.F.R. § 274a.12(c)(18).

9.    ICE agrees to make every effort to allow Petitioner to continue in the Gateways CONREP program as long as Petitioner remains in the United States, and as long as Gateways deems her participation in the program to be appropriate. Because Petitioner has been ordered removed from the United States, however, ICE retains its authority to take Petitioner into ICE custody at any time hereafter in order to effectuate her removal from the United States.  In the event ICE takes Petitioner into ICE custody, ICE will detain her no longer than is reasonably necessary to effectuate her removal.

10.   Nothing herein is intended to alter or in any way affect the continuing jurisdiction of the Superior Court over Petitioner under California law, or to alter in any way the terms and conditions of any of the Superior Court's orders in *People v. Belenkaya*, including without limitation the terms and conditions of the Superior Court's December 1, 2005 order.   Nothing herein shall be construed to constitute

1    any actual consent by Gateways to currently appear before the Superior Court as an

2    interested party in the matter of *People v. Belenkaya*.

3        11.   Each party will bear its own costs and fees, and no attorney's fees or

4    costs under the Equal Access to Justice Act, or any other provision of law, will be

5    sought in the above-captioned matter.

6        12.   The Petition is hereby dismissed with prejudice.

7

8    Dated:  January 20, 2011    _____

9                                Hon. Magistrate Judge
                                 Ralph Zarefsky
10

11   LA2010600685
     60574926.doc

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28